```
Robert J. Douglas, Esq. SBN 125007
Law Office of Robert J. Douglas
1095 Market Street, Suite 503
San Francisco, CA 94103
415-437-2889
RJDSS@AOL.COM

Attorney for Plaintiff
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY THOMPSON, | ) Case No.: |
| | ) |
| Plaintiff, | ) COMPLAINT FOR DISCRIMINATION |
| | ) BECAUSE OF DISABILITY_____ |
| vs. | ) |
| | ) |
| JAY PATEL, DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

I.   INTRODUCTION

   1.   The identity of the Defendants Does 1-10 is unknown to the Plaintiffs.  The Complaint will be amended to reflect their identity when they are ascertained.

   2.   At all times herein stated each Defendant was an agent for every other defendant, and was acting within the agency.

   3.   At all times herein stated the Plaintiff was a visibly disabled individual. Plaintiff Thompson has polyneuritis of the feet, which causes him to use a walker.

COMPLAINT - 1

4.   On or about the 26th day of August 2004, Plaintiff Thompson visited the Comfort Inn Los Angeles, owned by the Defendants and located at 2717 West Sunset Boulevard, Los Angeles, California.

5.   Plaintiff Thompson was unable to rent a room modified for disabled persons.  Out of 44 hotel rooms, the hotel has only one modified room, which was already occupied.

6.   The room modified for disabled persons had only one bed.  There was no two bedded room modified for disabled persons. The hotel offered two bedded rooms to able-bodied persons.

7.   Plaintiff Thompson was given a room without a grab bar in the shower, making it unsafe for him to use the shower.

8.   Because of this event, the Plaintiff has suffered physical and emotional pain and distress.

9.   At all times herein mentioned the Defendants were part of an organization which marketed their hotel in the San Francisco Bay Area.

II.   VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

10.   Plaintiff incorporates by reference paragraphs 1 through 9 above.

11.   The actions of the defendants violated 42 U.S.C. 12182 SEC.302(b)(2)(A)(ii) and 42 U.S.C. 12182 SEC.302(b)(2)(A)(iv).

III.   VIOLATIONS OF THE CALIFORNIA CIVIL CODE

12.   Plaintiff incorporates by reference paragraphs 1 through 11 above.

13.   Defendants denied Plaintiff full and equal access to Defendants' goods, services, and accommodations in violation of California Civil Code Section 54 and 54.1.

14.   Defendants at all times herein stated knew that the persons with disabilities had a right to use their facilities. Despite this knowledge Defendants failed and refused to take steps to comply with California Civil Code Section 54 and 54.1. Such actions by Defendants evidence despicable conduct in conscious disregard of the rights and safety of the Plaintiff and other similarly situated persons. Thus, an award of treble damages under Section 54.3(a) of the California Civil Code is appropriate.

IV. PRAYER

15.   Plaintiff demands the following relief:

1.   For general damages pursuant to California Civil Code Sections 54 and 3281.

2.   For $4,000 in damages pursuant to California Civil Code Sections 51 and 52.

3.   In the alternative to damages pursuant to California Civil Code Section 52 for $1,000 and damages pursuant to California Civil Code 54 and the ADA.

4.   For injunctive relief pursuant to 42 U.S.C. 12188 SEC.308(a)(2) and California Civil Code 55.

5.   For attorney's fees pursuant to 42 U.S.C. 1988, 42 U.S.C. 12205 and California Civil Code 55.

COMPLAINT - 3

6. For treble damages pursuant to California Civil Code 54.3(a).

7. For such other relief as the court may deem just and proper.

Dated the 29th day of January, 2005

_____
Robert J. Douglas
Attorney for Plaintiff

COMPLAINT - 4